## Sterner *versus* Palmer.
## Penny *versus* The Same.

By an Act for the removal of the seat of justice of Union county, it was provided, that the new county buildings should be erected by subscription, without cost or tax being imposed upon the citizens for that purpose; a subscription was raised, to which the defendant affixed his name for a certain sum; and simultaneously, the defendant and others executed a bond in $50,000, conditioned to indemnify the taxable citizens of the county against any expense in the erection of the county buildings; the original subscriptions proving insufficient, the defendant and other obligors were assessed a certain amount to make up the deficiency, for which they gave their promissory notes: *Held,* that the bond was a valid legal obligation, and a good consideration for the notes.

ERROR to the Common Pleas of *Union county.*

These were two actions of *assumpsit,* the first, by Lewis Palmer

[Sterner *v.* Palmer.]

against Levi Sterner, on a promissory note at sixty days for $155, dated the 9th September 1857, made by the defendant in favour of James F. Linn, and by him endorsed to the plaintiff; and the other, by the same plaintiff against Charles Penny, on a similar note, of the same date, and for the same amount.

In pursuance of an Act of Assembly passed the 2d March 1855, for the erection of Snyder county and the removal of the seat of justice of Union county, from New Berlin to Lewisburg, it was provided that the necessary ground should be purchased and new county buildings erected thereon without any cost or tax being imposed upon the taxable inhabitants of the county for such purpose. And to carry out this object, it was further provided, that there should be pledged in trust to the judges of the courts of Union county, one or more responsible *bonâ fide* subscriptions, of not less than $10,000; and that these subscriptions, after being approved by the judges, and published, should be transferred to the building committee: *Pamph. L.* 537.

A subscription was raised under the provisions of this act, to which Levi Sterner was a subscriber to the amount of $100; and Charles Penny to the amount of $200. And at the same time, a bond was executed by the defendants and others, in the penal sum of $50,000, conditioned that the taxable citizens of the county should be indemnified against any expense in the purchase of ground and the erection of the county buildings. Both the subscription and bond were approved by the judges, and the subscription was transferred to the building committee.

The subscriptions amounted to about $13,500; and the building committee, having expended upwards of $20,000 in the purchase of ground and the erection of a new court-house, assessed on each of the parties to the bond, the sum of $155, without regard to the amount of their subscriptions; and for this consideration the defendants gave the notes on which these suits were brought. They were endorsed to the plaintiff with a full knowledge of the circumstances under which they were given.

The court below (WILSON, P. J.) charged the jury that there was a sufficient consideration for the notes, and that the plaintiff was entitled to recover the whole amount thereof with interest.

To this instruction the defendants excepted; and verdicts and judgments having been rendered in favour of the plaintiff for the full amount of his claims, the defendants sued out these writs and here assigned the same for error.

*Lawson* and *Slenker*, for the plaintiffs in error, cited Geiger *v.* Cook, 3 *W. & S.* 266; 2 *Am. Lead. Cas.* 127; Roscorla *v.* Thomas, 3 *Q. B.* 234; Hunt *v.* Bate, *Dyer* 272 *a.*; West *v.* West, 1 *Roll. Abr.* 11; Jeremy *v.* Coochman, *Cro. Eliz.* 442; Vadakin *v.* Soper, 1 *Aik.* 287; Freas *v.* Hardenburgh, 5 *Johns.* 272, 277;

[Sterner *v.* Palmer.]

Miller *v.* Watson, 4 *Wend.* 267; Comstock *v.* Smith, 7 *Johns.* 87; 2 *Kent. Com.* 465; Smith *v.* Ware, 13 *Johns.* 257; Snevily *v.* Read, 9 *Watts* 396; 2 *Am. Lead. Cas.* 128; Wennall *v.* Adney, 3 *Bos. & Pul.* 247; Eastwood *v.* Kenyon, 11 *Ad. & Ell.* 438; Littlefield *v.* Shee, 2 *B. & Ad.* 811; *Story on Prom. Notes* 209; Edwards *v.* Davis, 16 *Johns.* 281–5; 2 *Kent Com.* 465; 2 *Am. Lead. Cas.* 136, 142, 179; Mills *v.* Wyman, 3 *Pick.* 207.

*G. F. Miller*, for the defendant in error, cited Candor's Appeal, 3 *Casey* 119; Chambers *v.* Calhoun, 6 *Harris* 13; Hind *v.* Holdship, 2 *Watts* 104; Austyn *v.* McLure, 4 *Dall.* 226; 1 *Watts* 216–17; Clark *v.* Herring, 5 *Binn.* 33; Caul *v.* Gibson, 3 *Barr* 416; Harlem *v.* Harlem, 8 *Harris* 307; Hemphill *v.* McClimans, 12 *Id.* 367.

The opinion of the court was delivered by

Lowrie, C. J.—The counsel for the defendants below very properly concede that these causes were rightly decided, if the joint and several bond of $50,000, given by the defendants and others, is a valid legal obligation; and it seems to us clear that it is. Having a positive law to give it validity, we look not for a consideration to support it. Everything in it points to the act for the erection of the county buildings for its origin. It is a subscription for the purposes of the act. Its form is of no consequence, for the act prescribes no form, and its substantial effect is quite apparent and appropriate. Evidently the principal subscription was suspected to be inadequate, and the bond was given to cover any deficiency that might arise. It is a subscription within the meaning of the act, given and received as such, and used to influence the votes of the people; and the obligors are severally liable on it. They have arranged their respective shares, and given their notes, and are in law bound to pay them. Let the judgment in each case be affirmed, and the records remitted.